UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-297-BO-1

| | |
|---|---|
| CHARLIE ELBERT FARMER, ) | |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion for writ of coram nobis [DE 92] and petitioner's motion to clarify criminal docket [DE 93]. For the reasons stated herein, the petitioner's motion for writ of coram nobis is DENIED and the petitioner's motion to clarify the criminal docket is also DENIED.

Petitioner previously filed a motion pursuant to 28 U.S.C. § 2255. That motion was dismissed by this Court and the petitioner filed an appeal, which was unsuccessful. In his § 2255 motion the petitioner sought relief based on the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).The petitioner's instant motion for writ of coram nobis seeks relief based on the same grounds and, therein, he argued that he was no longer a career offender under *Simmons*. At common law, the writ of coram nobis was a remedy designed "to correct errors of fact." *United States v. Morgan*, 346 U.S. 502, 507 (1954). Today, coram nobis is applied in a slightly broader fashion than it was in its common-law form. *United States v. Denedo*, 556 U.S.911 (2009). However, the availability of the writ continues to be confined to a small number of "extraordinary" cases where alternative means of challenging a final judgment, such as habeas corpus, are not available. *Id.* Here, the petitioner previously used a motion pursuant to § 2255 to challenge his sentence and, although that motion was dismissed, that was the proper vehicle in which to challenge his sentence. The petitioner cannot now use a motion for writ of coram nobis to bring the same challenge previously denied. As such, the petitioner's motion for writ of coram nobis is denied.

The petitioner's motion to clarify the docket is likewise denied. The petitioner alleges that his motion for writ of coram nobis was previously ruled upon and he did not receive a copy of that order. The petitioner's motion has not previously been ruled upon and, as such, the relief requested is not available. Therefore, the petitioner's motion is denied.

## CONCLUSION

For the reasons stated above, the petitioner's motion for writ of coram nobis is DENIED. Likewise, the petitioner's motion to clarify the criminal docket is also DENIED.

SO ORDERED, this **30** day of August, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE