IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-297-BO
NO. 5:11-CV-730-BO

|  |  |  |
|---|---|---|
| CHARLIE ELBERT FARMER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on petitioner's motion seeking reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [DE 99]. For the following reasons, petitioner's motion is dismissed.

## BACKGROUND

Mr. Farmer was sentenced on October 18, 2006, to a total term of 180 months' imprisonment. He did not file a direct appeal. On March 14, 2011, he filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he argued, *inter alia*, that he was erroneously sentenced as a career offender. [DE 44]. This Court dismissed the § 2255 as barred by the appeal waiver in Mr. Farmer's plea agreement in an order filed June 10, 2011. [DE 55]. The court of appeals dismissed the appeal of that order, as petitioner had not demonstrated that he was entitled to a certificate of appealability. [DE 62].

Mr. Farmer then filed another motion to vacate pursuant to § 2255 on December 16, 2011, in which he relied on the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), to argue that he was erroneously sentenced as a career offender. [DE 73]. This Court dismissed the § 2255 as second or successive by order filed September 6, 2012. [DE 84]. The court of appeals dismissed the appeal of that order for

failure to prosecute on November 9, 2012. [DE 90]. Mr. Farmer now seeks reconsideration of the Court's June 10, 2011, order denying his § 2255 motion in light of *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *rev'd* 775 F.3d 180 (4th Cir. 2014 (en banc), *cert. denied* 135 S.Ct. 2890 (2015).[1] [DE 99].

## DISCUSSION

Mr. Farmer argues that he was erroneously sentenced as a career offender and that this Court should grant him the relief requested in his § 2255, vacate his sentence, and re-sentence him without application of the career offender enhancement.[2] The relief requested is that which would result from a successful motion to vacate, set aside, or correct sentence. Thus, the Court is constrained to re-characterize the motion as a section 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("A motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence.").

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). A Rule 60 motion challenging the same conviction and sentence

---

[1] After petitioner filed the instant motion based on the panel decision in *Whiteside*, the Fourth Circuit, sitting en banc, vacated the panel decision and affirmed the district court's dismissal of the petition as untimely. *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). The Supreme Court declined to grant certiorari. *Whiteside v. United States*, 135 S.Ct. 2890 (2015).

[2] The Court notes that the Fourth Circuit recently decided that a challenge to the erroneous application of the career offender enhancement is not cognizable on collateral review. *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), *cert. denied*, 135 S.Ct. 2850 (2015). Because the Court must first address whether it has jurisdiction over this matter, however, *Foote* is not case-dispositive.

based on a subsequent change in substantive law is deemed to be successive and requires authorization from the court of appeals in order to be filed. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged, it is properly construed as a second or successive § 2255 petition, and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *See United States v. Downing*, 372 F. App'x 435, 436 (4th Cir. 2010) (unpublished) (finding it erroneous for a district court to consider the merits of a Rule 60(b) motion where it should have been construed as a successive § 2255, and the district court therefore lacked jurisdiction to consider it). A petitioner is not required to receive notice of the Court's re-characterization of the motion, as it has been found to be second or successive. *See, e.g., United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is denied

## CONCLUSION

For the reasons discussed above, petitioner's 60(b) motion, herein re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255, [DE 99] is DISMISSED for want of jurisdiction. A certificate of appealability is DENIED.

SO ORDERED this _7_ day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE