IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-297-BO
No. 5:16-CV-602-BO

| | |
|---|---|
| CHARLIE ELBERT FARMER,<br>Petitioner, | )<br>)<br>) |
| v. | )  **ORDER** |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 112]. The government filed a response, moving to dismiss in part and conceding in part. [DE 118].

## BACKGROUND

Petitioner pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and one count of using and carrying a firearm during and in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). [DE 13]. Petitioner was sentenced to 120 months' imprisonment to run concurrent on Counts One and Two and 60 months' imprisonment to run consecutive on Count Three. [DE 32, 35].

Petitioner filed two motions pursuant to 28 U.S.C. § 2255, which were dismissed. [DE 44, 56, 64, 85]. In June 2016, petitioner filed the instant motion. The next month, the Fourth Circuit Court of Appeals authorized petitioner to file a second or successive § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015). [DE 117].

## DISCUSSION

Petitioner contends that he is (1) not a career offender under United States Sentencing Guideline (USSG) § 4B1.1, and (2) he is not guilty of being a felon in possession of a firearm. [DE 112-1].

I.   Career Offender

The government moves to dismiss petitioner's claim that he is not a career offender under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Here, giving the *pro se* petitioner the liberal construing it is due, petitioner claims he is not a career offender under *Johnson* and related cases. However, *Johnson* is of no moment when considering petitioner's career offender status because petitioner was sentenced as such based on his prior controlled substances offenses, rather than crimes of violence. [DE 27].

2

Moreover, the Court recognizes that the Fourth Circuit has spoken to the issue of challenges to career offender status, specifically under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), which petitioner uses, and found that they are not cognizable on collateral review. *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015).

Accordingly, petitioner's claim that *Johnson* or *Simmons* and related cases renders him no longer a career offender fails and must be dismissed.

II. Felon in Possession

The government agrees, however, that, pursuant to *Simmons* and *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), petitioner is now innocent of his conviction for felon in possession of a firearm and ammunition (Count Two).

The Court agrees, and holds that a correction of petitioner's sentence without the felon in possession conviction is warranted. No resentencing hearing is necessary in this case, as the matter is easily corrected by the Court without one. *See United States v. Groves*, 592 Fed. Appx. 145 (4th Cir. 2014); *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007). The Court finds that the corrected sentence remains sufficient but not greater than necessary to achieve the goals of sentencing.

### Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Here, as reasonable jurists would

not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is GRANTED IN PART AND DENIED IN PART. [DE 112]. Petitioner's conviction as to Count Two, felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g), is hereby VACATED. Petitioner's sentence is hereby CORRECTED to 120 months' imprisonment on Count One and 60 months' imprisonment on Count Three, to run consecutive. All other terms as to Counts One and Three and the sentence generally remain as entered in the Court's amended judgment. [DE 35]. A certificate of appealability is DENIED.

SO ORDERED, this __1__ day of September, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4